IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.     17-CR-00023-V

TRAMELL MCGEE,

Defendant.

## PLEA AGREEMENT

The defendant, TRAMELL MCGEE, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.     THE PLEA AND POSSIBLE SENTENCE

1.     The defendant agrees to plead guilty to Count 1 of the Indictment, which charges a violation of Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute cocaine), for which the maximum possible sentence is a term of imprisonment of 30 years, a fine of $2,000,000, a mandatory $100 special assessment, and a term of supervised release of at least 6 years and up to life. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2.     The defendant understands that, prior to the entry of the guilty plea, the government will file an information pursuant to Title 21, United States Code, Section 851

alleging the defendant's prior drug felony conviction as the basis for the imposition of the enhanced penalties provided for in Title 21, United States Code, Section 841(b)(1)(C). The defendant admits that the defendant has a prior drug felony conviction which subjects the defendant to the enhanced penalties provided for in Title 21, United States Code, Section 841(b)(1)(C).

3. The defendant understands that the Court may enter an order of community restitution in an amount not to exceed any fine imposed pursuant to Title 18, United States Code, Section 3663(c) and Sentencing Guidelines § 5E1.1(d).

4. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 3 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.   ELEMENTS AND FACTUAL BASIS

5. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime: that the defendant possessed a controlled substance; that the defendant knew that the defendant

possessed a controlled substance; and that the defendant intended to distribute, or distributed, the controlled substance.

## FACTUAL BASIS

6. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. Between November 2015 and March 2016, the defendant did possess with intent to distribute, and distribute, quantities of cocaine, a Schedule II controlled substance.

   b. On November 5, 2015, TRAMELL MCGEE sold approximately 62 grams of cocaine to an individual in exchange for $2,500.

   c. On January 26, 2016, TRAMELL MCGEE sold approximately 62 grams of cocaine to an individual in exchange for $2,500.

   d. On February 5, 2016, TRAMELL MCGEE sold approximately 62 grams of cocaine to an individual in exchange for $2,500.

   e. On March 11, 2016, TRAMELL MCGEE sold approximately 62 grams of cocaine to an individual in exchange for $2,500.

## III. SENTENCING GUIDELINES

7. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

8. The government and the defendant agree that Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(11) apply to the offenses of conviction and provide for a base offense level of **18**.

## ACCEPTANCE OF RESPONSIBILITY

9. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of **15.**

## CRIMINAL HISTORY CATEGORY

10. It is the understanding of the government and the defendant that the defendant's criminal history category is **IV**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES APPLICATION, CALCULATIONS AND IMPACT

11. It is the understanding of the government and the defendant that, with a total offense level of **15** and criminal history category of **IV**, the defendant's sentencing range would be a term of imprisonment of **30** to **37 months**, a fine of **$7,500** to **$2,000,000**, and a period of supervised release of **6** years. Notwithstanding this, the defendant understands that at sentencing, the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

12. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

13. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

14. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees not to assert the statute of limitations as a defense to any other criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

15. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment; and

   d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

16. At sentencing, the government will move to dismiss the open counts of the Indictment.

17. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI. APPEAL RIGHTS

18. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however,

knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 11, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

19. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

20. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 11, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

21. The government and the defendant agree to not appeal the imposition of the sentence of imprisonment concurrently, partially concurrently, consecutively or partially consecutively with any sentence of imprisonment imposed on the defendant as a result of a violation of supervised release in 11-CR-194-S.

## VII.  TOTAL AGREEMENT AND AFFIRMATIONS

22.  This plea agreement represents the total agreement between the defendant, TRAMELL MCGEE, and the government.  There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY JR.
Acting United States Attorney
Western District of New York

BY: _____
PATRICIA ASTORGA
Assistant United States Attorney

Dated: July 7, 2017

I, TRAMELL MCGEE, have read this agreement, which consists of 8 pages.  I have had a full opportunity to discuss this agreement with my attorney, Anthony J. Lana, Esq.  I agree that it represents the total agreement reached between myself and the government.  No promises or representations have been made to me other than what is contained in this agreement.  I understand all of the consequences of my plea of guilty.  I fully agree with the contents of this agreement.  I sign this agreement voluntarily and of my own free will.

_____
TRAMELL MCGEE
Defendant

Dated: July 7, 2017

_____
ANTHONY J. LANA
Attorney for the Defendant

Dated: July 7, 2017

8