IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

      v.                                                      17-CR-23-V

TRAMELL McGEE,

                Defendant.
_____

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S THIRD MOTION
## FOR EARLY TERMINATION OF SUPERVISED RELEASE

THE UNITED STATES OF AMERICA, by and through its attorney, Trini E. Ross, United States Attorney for the Western District of New York, Timothy C. Lynch, Assistant United States Attorney, of counsel, hereby files its opposition to the defendant's third motion to terminate his term of supervised release (Filing 52). As set out below, considering the seriousness of the defendant's conviction, the defendant's history of violating release conditions, the defendant's significant criminal history, and the Court's prior denials of defendant's motions for early termination of supervised release, the defendant's third motion should be denied.

On July 7, 2017, the defendant, TRAMELL McGEE, pleaded guilty to Count 1 of the Indictment, which charged him with possessing cocaine with intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1). The defendant's conviction stemmed from a series of controlled purchases of cocaine made from the defendant on November 5, 2015,

January 26, 2016, February 5, 2016, and March 11, 2016. These sales occurred while the defendant was on federal supervised release for a conviction for possession of 28 grams or more of cocaine base with intent to distribute. *See* 11-CR-194-WMS. The defendant's first federal conviction resulted in a sentence of 5 years' imprisonment and a term of supervised release of 4 years. McGEE began serving his first term of supervised release on June 12, 2015, approximately 5 months before he began selling cocaine again.

On October 24, 2017, the Court sentenced the defendant to 36 months' imprisonment and the statutory minimum term of 6 years of supervised release. On November 8, 2017, Judge William M. Skretny sentenced the defendant to one year imprisonment to run consecutive to this Court's sentence under 17-CR-23-V. The defendant was released from federal prison on or about June 26, 2020.

On June 2, 2022, the defendant filed his first motion to terminate his term of supervised release. The Court denied the motion on July 21, 2022, finding that "[w]hile [defendant's] conduct on supervised release is commendable, that alone does not warrant early termination – particularly in light of his criminal history, which includes an offense committed while on release." Dkt. Entry 47. On March 15, 2023, the defendant filed a second motion for early termination of his supervised release. In this second motion, the defendant claimed that supervision interfered with his auto business (as he claims in this third motion). In denying the motion, the Court noted the following:

> McGee may travel outside the state for his employment as long as he submits a travel request form before his requested travel dates. Therefore, the conditions – while perhaps inconvenient – do not unduly interfere with his work.

Dkt. Entry. 51. On November 13, 2023, the defendant filed a third motion for early termination of supervised release.

The defendant's third motion simply rehashes his prior arguments, including that he seeks to terminate his supervised release term so that he can further his business opportunities and because he believes he no longer requires supervision. *See* Filing 52. As discussed below, considering the defendant's substantial criminal history, his history of committing crimes while on release, and the need to protect the public from additional crimes being committed by the defendant, the Court should not terminate the defendant's supervised release.

A Court may terminate a term of supervised release and discharge a defendant "at any time after the expiration of one year of supervised release…if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Title 18, United States Code, 3583(e)(1); *see United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). When considering whether to discharge a defendant from supervised release early, the Court must consider the majority[1] of the initial sentencing factors set forth in Title 18, United States Code, 3553(a). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed— [including to afford adequate deterrence, protect the public from future crimes and to provide the defendant with rehabilitative programs]; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range

---

[1] Title 18, United States Code, Section 3583(e), specifically omits Title 18, United States Code, 3553(a)(2)(A) (promoting the law and providing just punishment prong).

> established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ; (5) any pertinent policy statement [issued by the Sentencing Commission]; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

Title 18, United States Code, Section 3553(a).

Early termination "is not warranted as a matter of course." *United State v. Fenza*, No. 01 CR 03-0921 (ADS), 2013 U.S. Dist. LEXIS 109012, 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013). To the contrary, early termination is only **"occasionally"** justified. *Lussier*, 104 F.3d at 36 (emphasis supplied). Simply complying with the conditions of supervised release, which is what the law requires, is not sufficient to justify early termination. *See United States v. Medina*, 17 F. Supp.2d 245, 247 (S.D.N.Y. 1998) ("Unblemished" conduct while under supervision cannot alone be classified as "exceptional" and "cannot be sufficient reason to terminate [supervision] since, if it were, the exception would swallow the rule."); *see also Fenza*, at *2 (E.D.N.Y. Aug. 2, 2013) ("[F]ull compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release," and such compliance "does not warrant early termination."). Early discharge may be appropriate to "account for new or unforeseen circumstances" not contemplated at the initial imposition of supervised release. *See Lussier*, 104 F.3d at 36. Nevertheless, "new or changed circumstances" are not required in order to modify conditions of release, but "changed circumstances may in some circumstances justify a modification[,]" when factoring in the relevant Title 18, United States Code, 3553(a) factors. *United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016).

4

Here, the defendant's conduct on supervised release, <u>if true</u>, appears to be productive, and focused towards bettering himself; however, it is not exceptional. It is simply what is expected of him. For the first time in more than 20 years, the defendant appears to be complying with the law, as required. Approximately three years of allegedly living a law-abiding life, however, does not justify early termination of supervised release. *See United States v. Finkelshtein*, 339 F. Supp.3d 135, 136 (W.D.N.Y. 2018) (Wolford, J.) ("Simply complying with the terms of a probationary sentence and not reoffending does not generally constitute the type of extraordinary circumstances justifying early termination of probation.").

In fact, the defendant's alleged productive conduct while on supervised release is a reason for continuing it, not terminating it. "Supervised release is not, fundamentally part of the punishment; rather, its focus is rehabilitation." *United States v. Aldeen*, 792 F.3d 247, 252 (2d Cir. 2015). With this in mind, the court-ordered supervision has served to benefit the defendant and by extension the safety of the community. Considering the defendant's criminal history, which spans more than two decades, it is simply too soon for the Court to determine whether he or society would benefit from his early discharge from supervised release.

Moreover, while the defendant's future might be bright, the defendant's past cannot be ignored when considering the defendant's motion. The defendant is a reputed member of the Camp Street Gang, *see* Presentence Report (PSR) at ¶¶ 6-8, and a three-time felon. Two of his felony convictions are federal drug trafficking crimes and the other is a 2005 state felony drug conviction. The defendant also has two youthful offender adjudications involving

5

firearms. The first adjudication stemmed from a police cash involving a firearm being thrown from a vehicle. PSR at ¶ 35. The second adjudication stemmed from a Buffalo Police arrest where the defendant was found in possession of several handguns, including one that was defaced. PSR at ¶ 38. He also has multiple misdemeanor convictions. Finally, the defendant has a history of violating his conditions of release. *See* PSR at ¶ 35 (3 parole violations), at ¶ 43 (supervised release violation). This history supports the defendant's continued status on supervised release.

In support of his motion, the defendant cites to Judge William M. Skretny's decision to terminate Javaughan Parker's supervised release term. However, in Parker's case, the government did not oppose the defendant's request for early termination of supervised release, which was a factor Judge Skretny considered. *See* June 8, 2020 Text Order, 08-CR-254-S ("Considering Defendant's incident free compliance with terms of his supervised release, his development of a viable business, his community engagement, and the lack of any opposition from the government or supervising probation officer, this Court finds it in the interests of justice to terminate the remaining portion of the Defendant's term of supervised release . . . ."). Here, on the other hand, the government opposes the defendant's request for early termination of his supervised release and the defendant's history weighs against early termination of supervised release.

The defendant also argues that if he were incarcerated today, he would have been released sooner than he was on June 26, 2020. Even if true, the defendant's cite to USSG § 1B1.10, comment. (n.7(B)) does not support his argument for early termination of supervised

release. This note is meant to capture situations involving amended guidelines that a defendant was unable to take advantage of while in prison. The defendant was convicted of selling cocaine in July 2017 and there have been no changes to his Guideline range since then, so this does not support his request for early termination of supervised release.

The defendant also asserts that terminating supervised release will permit him to attend out-of-district automobile auctions. *See* Filing 52 at p. 2. However, the defendant can request authorization from U.S. Probation for this travel. After speaking with the defendant's supervising officer, the travel request process is not onerous. As such, as the Court found in in July 2022 and April 2023, there is no reason to terminate supervised release on this ground. *See United States v. Trans*, No. 06 CR 862 (JGK), 2009 WL 3460723, at *1 (S.D.N.Y. Oct. 23, 2009) (denying request for early termination of supervised release where the defendant wanted to "travel to visit relatives in Vietnam" but "never brought to the Court a dispute about a travel request that [was] not granted by the Probation Department").

To deter others and the defendant from committing similar crimes, termination of the defendant's supervised release is not appropriate, especially considering the defendant has not established the necessary exceptional circumstances warranting such relief. *See Finkelshtein*, 339 F. Supp.3d at 137 (denying the defendant's request for early termination of probation where the defendant had satisfied all of his payment obligations, had not violated any conditions of his probation, and had hired a qualified Chief Financial Operator for his

7

company). For all of these reasons, the Court should deny the defendant's third motion for early termination of his supervised release.

DATED:  Buffalo, New York, January 2, 2024.

          TRINI E. ROSS
          United States Attorney

BY:   s/TIMOTHY C. LYNCH
      Assistant United States Attorney
      United States Attorney's Office
      Western District of New York
      138 Delaware Avenue
      Buffalo, New York 14202
      716/843-5846
      Timothy.Lynch@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    v.                                                      17-CR-23-V

TRAMELL McGEE,

                    Defendant.

---

### CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2024, I filed the **GOVERNMENT'S OPPOSITION TO DEFENDANT'S THIRD MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** with the Clerk of the District Court using its CM-ECF system.

As the defendant is represented pro se, I further certify that the foregoing was provided via mail, at the address stated below:

    Tramell McGee
    85 Allen Street, Apt. 403
    Rochester, NY 14608

                                              s/ELIZABETH HARF